UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NELSON CENTENO,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK, P.O. "JOHN" NG,
Individually and in his Official Capacity, and P.O. "JOHN
DOE" # 1 – 10, the names "JOHN" and "JOHN DOE"
being fictitious, as their true names are presently
unknown,

                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, Nelson Centeno, by his attorney, Jon L. Norinsberg, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is a Hispanic male and was at all relevant times a resident of the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendantswere duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.     On November 11, 2015 at approximately 5:00 P.M., plaintiff NELSON CENTENO was walking to his place of employment, Raul's Barbershop, located in the East Village, in the County, City, and State of New York.

14.     As plaintiff NELSON CENTENO approached the intersection of 8th Street and Avenue C, he began to have a seizure.

15.     The seizure plaintiff NELSON CENTENO was suffering from at the corner of 8th Street and Avenue C was of such force that it caused him to temporarily lose consciousness.

16.     As plaintiff NELSON CENTENO was suffering from said seizure, defendant police officers arrived on the scene.

17.     Defendant police officers started yelling at plaintiff NELSON CENTENO to place his hands in the air.

18.     Thereafter, defendant police officers proceeded to violently take plaintiff NELSON CENTENO to the ground.

19.     Plaintiff NELSON CENTENO was then repeatedly assaulted by defendant police officers on the ground,causing serious physical injury to, *inter alia*, plaintiff's head, face, wrists, and knees. (See Ex. A, photographs of plaintiff NELSON CENTENO's injuries).

20.     Thereafter, plaintiff NELSON CENTENO was immediately transported to Beth Israel Medical Center, where he remained for the next seven (7) days.

21.     Plaintiff NELSON CENTENOwas never charged with any crime or violation.

22.     As a result of the foregoing, plaintiff NELSON SENTENO sustained, *inter alia*, severe physical injuries, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTSUNDER 42 U.S.C. § 1983

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

25.     All of the aforementioned acts deprived plaintiff NELSON CENTENO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality.

## SECOND CLAIM FOR RELIEF
## <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     As a result of defendants' aforementioned conduct, plaintiff NELSON

CENTENO was subjected to an illegal, improper and false arrest by the defendants and taken

into custody and caused to be falsely imprisoned, detained, confined, incarcerated and

prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or

consent.

31.     As a result of the foregoing, plaintiff's liberty was restricted for an extended

period of time, and he was put in fear for his safety, was humiliated and subjected to

handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## <u>EXCESSIVE FORCE UNDER 42 U.S.C. §1983</u>

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The level of force employed by defendants was objectively unreasonable and in

violation of plaintiff NELSON CENTENO's constitutional rights.

34.     As a result of the foregoing, plaintiff sustained, *inter alia*, bodily injuries, loss of

liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional

rights

## FORTH CLAIM FOR RELIEF
## <u>FAILURE TO INTERVENEUNDER 42 U.S.C. §1983</u>

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "34" as if the same were more fully set forth at length herein.

36.     Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff NELSON CENTENO from being violated by other police officers in their presence.

37.     Defendant Police Officers violated plaintiff NELSON CENTENO's constitutional rights in the presence of their police colleagues.

38.     Defendant police officers had reason to know plaintiff's constitutional rights were being violated.

39.     Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, NELSON CENTENO but failed to do so.

40.     Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff NELSON CENTENO's constitutional rights.

41.     As a result of the foregoing, plaintiff NELSON CENTENO sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" as if the same were more fully set forth at length herein.

43.     Defendants arrested plaintiff NELSON CENTENO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and assault would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

45.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46.     Said unlawful customs, policies, usages, practices and procedures include, but are not limited to: (1) using force on civilians who have committed no crime and clearly need medical attention; (2) failure to adequately train officers to properly restrain persons having seizures or other medical inflictions; and (3) failure to adequately train officers to restrain individuals without using excessive force.

47.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff NELSON CENTENO.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NELSON CENTENO as alleged herein.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffNELSON CENTENO as alleged herein.

50.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff NELSON CENTENO was incarcerated unlawfully.

51.     Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating the constitutional rights of plaintiff NELSON CENTENO.

52.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff NELSON CENTENO's constitutional rights.

53.    All of the foregoing acts by defendants deprived plaintiff NELSON CENTENO of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    To be free from unwarranted and malicious criminal prosecution;

        D.    Not to have cruel and unusual punishment imposed upon him; and

        E.    To receive equal protection under the law.

## PENDANT STATE CLAIMS UNDER NEW YORK STATE LAW

54.    Plaintiff repeats, reiterates and  realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    On or about December 23, 2015, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

56.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

57.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

58.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §

1602.

## FIRST CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW ASSAULT

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants' aforementioned actions placed plaintiff NELSON CENTENO in

apprehension of imminent harmful and offensive bodily contact.

61.     As a result of defendants' conduct, plaintiff NELSON CENTENO has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.


## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendant police officers touched plaintiff NELSON CENTENO in a harmful and

offensive manner.

64.     Defendant police officers did so without privilege or consent from plaintiff.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTION INFLICTION OF EMOTIONAL DISTRESS

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "64" as if the same were more fully set forth at length herein.

66.     Defendants engaged in extreme and outrageous conduct toward plaintiffNELSON

CENTENO.

67.     Defendants' conduct was intended to cause plaintiff NELSON CENTENO to suffer severe emotional distress.

68.     Defendants disregarded a substantial probability that their conduct would cause NELSON CENTENO to suffer severe emotional distress.

69.     As a result of defendants' actions, NELSON CENTENO did in fact suffer severe emotional distress.

**FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendant CITY OF YORK selected, hired, trained, retained, assigned and supervised all NEW YORK CITY police officers, including defendant police officers.

72.     Defendant CITY OF YORK was negligent and careless when it selected, hired, trained, retained, assigned and supervised all members of its police department, including defendant police officers.

73.     Upon information and belief, defendant police officerson prior occasions, had used excessive force and otherwise violated the Constitutional rights of other citizens, but were never properly disciplined for doing same.

74.     Upon information and belief, defendant CITY OF YORK knew about the improper conduct of defendant police officersbut failed to adequately train, instruct, supervise and/or discipline said defendants.

75.     As a result of the aforementioned conduct, plaintiff NELSON CENTENO suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**WHEREFORE**, plaintiff NELSON CENTENO demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, one million dollars  ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
        March 30, 2016

BY: _____
        JON L. NORINSBERG
        Jon@norinsberglaw.com
        Attorney for Plaintiff
        225 Broadway, Suite 2700
        New York, N.Y. 10007
        (212) 791-5396